UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WHEELKIDS INC, <br><br> Plaintiff, <br><br> v. <br><br> GUANGZHOU LONGYA TRADE CO., LTD., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:25-cv-2963 |

**COMPLAINT**

Plaintiff WHEELKIDS INC ("WheelKids") for its Complaint against Defendant GUANGZHOU LONGYA TRADE CO., LTD. ("GZ Long") alleges:

**NATURE OF THE ACTION**

1. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. for declaratory judgment of non-infringement and invalidity of U.S. Patent No. D986,339 ("the '339 Patent"—attached as Exhibit 1).

2. This is also a civil action for tortious interference with prospective business relations under Illinois common law.

3. WheelKids brings this action in view of the actual controversy that GZ Long has created under the '339 Patent by asserting a patent infringement claim against WheelKids' products, which caused Amazon to remove WheelKids' listing for those products on Amazon.com.

4. GZ Long's actions have caused WheelKids to lose sales on Amazon, its primary sales platform, and has harmed WheelKids' reputation and goodwill.

1

**PARTIES**

5. WheelKids is a California corporation, with a principal place of business in Irwindale, California.

6. WheelKids maintains a storefront under the name "Wheel-Go" on Amazon.com. Through that storefront, WheelKids sells a line of puzzle tables, which are the subject of this action ("Disputed Puzzle Tables") to U.S. customers, including customers in Illinois.

7. Upon information and belief, GZ Long is a Chinese corporation.

8. Upon information and belief, GZ Long sells puzzle tables on Amazon.com to customers in the United States, including customers in Illinois.

**JURISDICTION AND VENUE**

9. The Court has subject matter jurisdiction over the patent claims in this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

10. The Court has supplemental subject matter jurisdiction over the state law claim for tortious interference with prospective business relations under 28 U.S.C. § 1367 because that claim arises under the same common nucleus of facts as the declaratory judgment patent claims.

11. The Court has personal jurisdiction over GZ Long because GZ Long has voluntarily subjected itself to personal jurisdiction in this District by filing an infringement action (Case No. 1:24-cv-04193) against WheelKids in this Court ("the Schedule "A" Design Litigation").

12. The Court also has personal jurisdiction over GZ Long under Fed. R. Civ. P. 4(k)(2).

13. Upon information and belief, GZ Long resides in China and has no residence in the United States.

14. Upon information and belief, GZ Long has no regular and established place of business in the United States.

15. Upon information and belief, GZ Long regularly sells products into the United States through Amazon.com and has established significant contacts within the nation as a whole.

16. Upon information and belief, GZ Long's sales into the United States are scattered among various states so that GZ Long, by virtue of these sales, is not subject to jurisdiction in any state's courts of general jurisdiction.

17. GZ Long's actions also have prevented WheelKids from continuing to sell the Disputed Faucets on Amazon.com, which has halted WheelKids' U.S. sales of these products.

18. Venue is proper in this Court under 28 U.S.C. § 1391(c)(3) because GZ Long is not a U.S. resident.

## BACKGROUND

19. On information and belief, GZ Long owns the '339 Patent, which is a design patent for a particular puzzle table.

20. The application for the '339 Patent was filed on April 22, 2022. The '339 Patent issued on May 6, 2023.

21. On December 15, 2023, the inventor of the '339 Patent, William Huang, assigned the '339 Patent to Chunling He.

22. On April 24, 2024, Chunling He assigned the '339 Patent to GZ Long.

23. Upon information and belief, William Huang, the inventor of the '339 Patent, owns and/or operates GZ Long.

24. On May 21, 2024, GZ Long filed the Schedule "A" Design Litigation in which it asserted the '339 Patent against a number of defendants, including WheelKids under its

WheelKids' Amazon seller name "Wheel-Go." In that complaint, GZ Long misidentified itself as Chun Ling He.

25. On May 28, 2024, GZ Long filed an amended complaint where it identified itself as GZ Long Ya Trading Co., Ltd.

26. On December 12, 2024, GZ Long voluntarily dismissed WheelKids from the Schedule "A" Design Litigation.

27. Upon information and belief, on or around March 16, 2025, GZ Long filed a design patent infringement claim under Amazon.com's intellectual property infringement reporting procedures, contending that the Disputed Puzzle Tables that WheelKids sold on Amazon.com infringed the '339 Patent ("Amazon Infringement Claim").

28. The Disputed Puzzle Tables are sold under the following Amazon Standard Identification Numbers (ASINs): B0BKZN1D8Q, B0D4YSX37B, B0DFYFK6MV.

29. Amazon assigned this infringement claim an Amazon Patent Evaluation Express Number 17395361231.

30. Amazon.com is the primary sales channel through which WheelKids sells the Disputed Puzzle Tables.

31. As a result of GZ Long's Amazon Infringement Claim, Amazon removed the product listing for the Disputed Puzzle Tables.

32. The Disputed Puzzle Tables do not practice the '339 Patent claim because they do not include all of the features claimed in the '339 Patent.

4

33. For example, as illustrated below, the '339 Patent requires the support structures underneath the puzzle table to intersect in a T-shape at the center of the board:



34. The Disputed Puzzle Tables, by contrast, have support structures underneath the puzzle table intersecting in a square shape at the center of the board:



35. GZ Long has no good faith basis for asserting that the Disputed Puzzle Tables infringe the '339 Patent.

36. GZ Long knows that its infringement claim against the Disputed Puzzle Tables is meritless.

37. As a result of GZ Long's assertion of a meritless infringement claim against WheelKids' Disputed Puzzle Tables, WheelKids has been harmed in various ways.

38. At the time the application for the '339 Patent was filed (April 22, 2022), there already existed on the market many puzzle table products having designs that were similar to the '339 Patent design.

39. For example, the ALL4JIG puzzle table sold under ASIN B09BTMDQ2T (illustrated below) was on sale on Amazon.com at least by August 2021:



40. Likewise, the ALL4JIG puzzle table sold under ASIN B0B1522V3M (illustrated below) was on sale on Amazon.com at least by August 2021:



## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

41. The allegations in each paragraph above are incorporated by reference.

42. An actual, justiciable, and continuing controversy exists between WheelKids and GZ Long concerning whether the Disputed Puzzle Tables infringe the '339 Patent.

43. WheelKids' Disputed Puzzle Tables do not include all of the claimed features of the '339 Patent.

44. An ordinary observer, familiar with the prior art designs, would not be deceived into believing that the Disputed Puzzle Tables are the same as the patented '339 design.

45. WheelKids' Disputed Puzzle Tables do not infringe the '339 Patent.

46. WheelKids seeks a declaration that its Disputed Puzzle Tables do not infringe the '339 Patent.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY

47. The allegations in each paragraph above are incorporated by reference.

48. An actual, justiciable, and continuing controversy exists between WheelKids and GZ Long concerning whether the '339 Patent is valid.

49. The '339 Patent claim is invalid as anticipated or obvious under sections 35 U.S.C. §§ 102 or 103 in view of at least the following references, either alone or in combination: the puzzle tables sold on Amazon.com under ASINs B09BTMDQ2T and B0B1522V3M, CN 305985972 S and/or CN 306428471 S.

50. WheelKids seeks a declaration that the '339 Patent is invalid.

## COUNT III

### TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

51. The allegations in each paragraph above are incorporated by reference.

52. Before GZ Long asserted meritless infringement claims against WheelKids' Disputed Puzzle Tables, WheelKids had sold those products to U.S. customers through the

Amazon.com marketplace and held a reasonable expectation that it would continue to sell those products to U.S. customers through the Amazon.com marketplace.

53. Accordingly, WheelKids had a reasonable expectation of a continuing business relationship with third party Amazon.com, which would allow it to continue selling the Disputed Puzzle Tables through its marketplace.

54. GZ Long had knowledge of WheelKids' business relationship with Amazon.com.

55. GZ Long intentionally and unjustifiably interfered with WheelKids' business relationship with Amazon.com by asserting an objectively baseless design patent infringement claim, which caused Amazon.com to remove WheelKids' product listings for the Disputed Puzzle Tables.

56. GZ Long knew or reasonably should have known that it lacked a plausible basis for its claim that WheelKids' Disputed Puzzle Tables infringe the '339 Patent.

57. GZ Long's actions harmed and continue to harm WheelKids in various ways.

58. GZ Long's actions caused and continue to cause WheelKids to lose sales on Amazon.com

59. GZ Long's actions also have caused and continue to cause WheelKids to lose performance points on Amazon.com, which may negatively affect its store ratings and ranking on Amazon.com.

60. GZ Long's actions also have disrupted and continue to disrupt WheelKids' inventory and supply chain.

61. GZ Long's actions constitute tortious interference with WheelKids' business relationship with Amazon.com.

## REQUEST FOR RELIEF

62. WHEREFORE, WheelKids asks this Court to:

63. Find that none of the Disputed Puzzle Tables infringe the '339 Patent;

64. Find that the '339 Patent is invalid;

65. Find that GZ Long's actions constitute tortious interference with WheelKids' business relationship with Amazon.com;

66. Find that this case is an "exceptional case" under 35 U.S.C. § 285 and WheelKids is entitled to its attorney fees;

67. Award WheelKids damages sufficient to compensate it for GZ Long's tortious interference with WheelKids' business relations, together with costs and pre-judgment interest; and

68. Award WheelKids other and further relief as may be proper under the circumstances.

## DEMAND FOR JURY TRIAL

WheelKids requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Respectfully submitted,

Dated: March 20, 2025

/s/ Edward H. Rice
Edward H. Rice
Marina N. Saito
Law Office of Edward H. Rice, LLC
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@edwardricelaw.com
(312) 953-4566

*Counsel for Plaintiff WHEELKIDS INC*